THE NEW YORK INSULATED WIRE COMPANY *vs.*
HARRIS KASDEN.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, JS.

An original charge ticket, made in the regular course of the vendor's business, showing the weight of the article sold, the price, the name of the vendee, and the bank upon which the draft for the purchase price was to be drawn, is admissible, in connection with oral evidence to the same effect, to prove that the lower price at

which the article was in fact billed by the vendor's shipping clerk was a mistake, as alleged by the vendor.

The exclusion of a question which the witness is afterward permitted to answer in effect, even if erroneous, is harmless.

Argued April 14th—decided June 14th, 1910.

ACTION to recover an alleged balance due for merchandise sold, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $158, and appeal by the defendant. *No error.*

*Richard H. Tyner,* for the appellant (defendant).

*Oswin H. D. Fowler,* for the appellee (plaintiff).

HALL, C. J. The plaintiff is a New York corporation, having its main office and place of business in New York City and a factory in Wallingford in this State. The defendant resides in New Haven and is engaged in buying and selling scrap iron and metals.

The plaintiff's bill of particulars charges the defendant with $324.88 for a quantity of tin dross sold by the plaintiff to the defendant at the agreed price of sixty-five per cent of the market price (twenty-nine and three-quarters cents per pound) of pure tin, and credits the defendant with $174.93 cash, leaving a claimed balance of $149.95. The answer admits the receipt of the tin dross; denies the other averments of the complaint; and alleges that the agreed price of the dross was $174.93, that the goods were shipped to the defendant, together with a sight draft for that sum, which the defendant accepted and paid. The reply avers that the amount of $174.93 was inserted in said draft by mistake; that the amount of the draft should have been the purchase price agreed upon, namely, $324.88, as

the defendant well knew; and that the plaintiff notified the defendant of the mistake as soon as the plaintiff discovered it. The rejoinder denies the averments of the reply.

The issues were found for the plaintiff and judgment rendered in its favor for $158.65.

Upon the trial the plaintiff, having offered evidence of interviews at Wallingford, and correspondence and telephonic conversations between its assistant superintendent, Mr. Brooks, and the defendant, in proof of the agreement of sale at said price of $324.88 in March, 1908, offered in evidence a so-called charge ticket, being the only memorandum of said sale made at Wallingford, and which was caused to be made by said Brooks in the regular course of the conduct of the plaintiff's business, showing the weight of the dross, the price, at sixty-five per cent of twenty-nine and three-quarters cents per pound, the person to whom it was to be shipped, and the bank upon which the draft was to be drawn, together with evidence that this charge ticket, in accordance with the regular conduct of the plaintiff's business, was forwarded from Wallingford to the New York office, and there received and given to the bill clerk, without further instructions as to price than as indicated on the ticket, and that the bill clerk, by mistake, billed the dross to the defendant at twenty-nine and three-quarters cents per pound less sixty-five per cent discount, instead of at the price of sixty-five per cent of twenty-nine and three-quarters cents per pound, and passed the ticket to their credit man, who signed the draft for $174 described in the answer and introduced in evidence by the defendant; that the mistake of the bill clerk was not discovered until the following October, when the plaintiff notified the defendant of the mistake and demanded the difference between the agreed price of $324.88 and $174, the amount paid

by the defendant, and that the defendant refused to pay it. To the admission of said charge ticket in evidence the defendant objected, upon the ground that it "had no connection whatever with the defendant."

It was clearly admissible as evidence of the alleged mistake. Having presented the evidence above stated, of the conversations and correspondence with the defendant, in proof that the agreed price for the dross was sixty-five per cent of twenty-nine and three-quarters cents per pound, and having admitted that it had been billed by the plaintiff and paid for by the defendant at twenty-nine and three-quarters cents per pound less sixty-five per cent discount, it rested upon the plaintiff to prove, as alleged in. the reply, that the goods had been so billed by mistake. The original charge ticket, with the accompanying evidence that it was the only instruction given to the bill clerk, was most convincing evidence of the clerk's mistake in billing the goods at a different price than that named in the charge ticket.

The defendant, as a witness, was asked by his counsel what he did with the dross; whether he afterward sold it, and at what price he sold it. These questions were excluded by the court upon the plaintiff's objection. If wrongfully excluded, the error was cured by the fact that the defendant was afterward permitted to testify that he told Mr. Brooks that he sold the dross at thirty odd dollars profit.

The trial court having found that the price agreed upon was that alleged in the complaint and bill of particulars, and that the smaller sum was by mistake named in the draft, properly rendered judgment for the plaintiff.

There is no error.

In this opinion the other judges concurred.